### George F. Hindes v. State of Texas.

Decided March 12, 1902.

**Taxation—School Land.**

School land purchased under the Act of July 8, 1879, as amended by the Act of April 6, 1881, is by the terms of the act subject to taxation from the date of the first payment to the State thereon, and the fact that the land is not yet paid out and the legal title still in the State does not render the act unconstitutional in the feature which subjects the land to taxation.

Appeal from Atascosa.   Tried below before Hon. M. F. Lowe.

*R. W. Hudson,* for appellant.

*W. M. Smith* and *N. R. Wallace,* for appellee.

NEILL, Associate Justice.—This suit was brought by the State against David W. Hindes and Geo. F. Hindes to recover $9.01 taxes, interest, penalty, etc., assessed and due on 320 acres of land originally granted to Leandro Patino, abstract No. 1170, survey No. 1820, for the year 1899, and to foreclose the lien therefor.

David W. Hindes answered by disclaiming any interest in the land and denying any liability for taxes due thereon. The appellant, George F., answered that the land in question was not subject to taxation for the reasons that the title thereto was in the State, and it had not and could not be patented when the taxes sued for were assessed. Upon the trial the case was discontinued as to David W., and judgment rendered against appellant for the amount claimed with a foreclosure of the tax lien on the land.

The following facts were agreed upon by the parties:

"1.   The taxes claimed in the petition were regularly assessed, and, if the land is taxable, plaintiff is entitled to judgment prayed for, except no personal judgment against the defendant can be rendered."

"2.   The land described in the petition was public free school land, and the defendant's vendor, Leandro Patino, legally applied for same on January 10, 1882, under Act of 1879 as amended in 1881, approved April 6, 1881, and the land awarded him on his application; and he executed his obligation therefor for $304; interest has been regularly paid as required by law, and part payment made on March 25, 1882.

"3.   Leandro Patino conveyed the land to the defendant, it being expressed in the deed that he assumed payment of all such sums as might be due the State of Texas.

"4.   Said land is not patented, and there is now due the public school fund about $300 on the original obligation, bearing interest at the rate of 8 per cent per annum, and this fact existed from date of said application by Leandro Patino to the time this suit was instituted, and this date."

*Opinion.*—It being agreed that if the land is taxable plaintiff is entitled to judgment, the only question necessary for consideration is whether it is taxable. Section 16 of the Act of July 8, 1879, which is not affected by the amendment of April 6, 1881, under which the land was purchased from the State by appellant's grantor, provides that "Said lands shall be subject to taxation from the date of the first payment into the treasury of the State." There is no constitutional inhibition against this provision. It is a part of the law under which the land was acquired and is held; and can not be ignored by the taxing power of the State until repealed, or evaded by the purchaser or one holding under him, whether the land is patented or not.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.